SUSANNAH T. THAYER & others *vs.* CALEB HOLLIS.

Where an executor gives notice of his appointment, according to *St.* 1788, *c.* 66, § 1, & Rev. Sts. *c.* 66, § 1, and afterwards suffers judgment to be rendered against him in a suit by a creditor of the deceased, commenced more than four years after the executor's giving bond for the discharge of his trust, and execution on such judgment is levied on the real estate of the testator ; such levy is void as to all the devisees of the estate, except the executor : If he be one of the devisees, he and his heirs are estopped to deny the validity of the judgment and execution.

Where part of the demandants, who join in a writ of entry, are not entitled to recover, the writ may be amended by striking out the names of such demandants, and the others may thereupon recover their shares of the demanded premises.

WRIT of entry to recover land in Braintree. The demandants claimed title under the will of Ebenezer Thayer, who devised all his real estate, except ·such part thereof as might be necessary for the payment of his debts, to his wife for life, and after her decease, one fifth thereof to his two grandsons, children of a deceased son, and the other four fifths to his four surviving sons, two of whom he appointed executors of his will, giving them full power and authority to sell and pass deeds of such parts and so much of his real estate, as might be necessary to pay all his debts which his personal property, not bequeathed to his wife, might be insufficient to pay. The will was proved and allowed on the first Tuesday of August 1809, and letters testamentary were thereupon granted to said executors, and they gave bond and entered upon the execution of their trust, and gave due notice of their appointment. On the 14th of November 1809, they duly filed in the probate office an affidavit of the fact of their having given such notice.

The tenant claimed title through several mesne conveyances from Samuel Penniman and Daniel Hayward, creditors of said Ebenezer Thayer, the testator.

Said Penniman held a promissory note of the testator, payable on demand, on which said executors paid interest till April 1817. He commenced an action thereon against them, at the April term of the court of common pleas, in 1818, and they appeared and answered thereto. At the following December

term, judgment was rendered for said Penniman, on which a third alias execution was issued, on the 8th of March 1820, against the property of the testator in his executors' hands, and the same was duly levied on real estate of the testator, part of the demanded premises, and was returned satisfied.

Said Hayward held two like promissory notes of the testator, on which said executors paid interest to March 1815, and on which he commenced an action against them at the April term of the court of common pleas, in 1819, which action was carried, by demurrer, to the supreme judicial court ; and at the October term thereof, in 1819, said Hayward recovered judgment, and shortly after took out execution and duly levied the same on the other part of the demanded premises, as the estate of the said testator.

Before either of said suits was commenced against said executors, they had sold, under the authority given them by said will, property of the testator sufficient to pay all his debts and the expenses of administration.

The demandants in this suit are the heirs of two of the testator's four sons, (including one of his executors,) to whom he devised, as above set forth, four fifths of his real estate ; and also one of the two grandsons to whom the testator devised one fifth of his real estate, and the heirs of the other of said grandsons : The several proportions claimed by the demandants amount to three fifths of the premises described in their count. [See Rev. Sts. *c.* 101, § 10.]

The case was submitted to the court on the foregoing facts, which were agreed by the parties. Judgment to be rendered for the demandants, if in the opinion of the court they are entitled to recover ; and the value of the improvements made by the tenant, and also the value of the mesne profits, to be assessed by referees : Otherwise, the demandants to become nonsuit.

*Churchill*, for the demandants.

*Kingsbury*, for the tenant.

WILDE, J. The tenant's title to the demanded premises is derived from the levies of two executions thereon on judgments recovered against the executors of the last will and testament

of Ebenezer Thayer, deceased ; and the case turns on the validity of those levies.

The executors took out letters of administration on the first Tuesday of August 1809, and thereupon gave due notice of their appointment before the 14th day of November in the same year ; and the judgments on which said executions issued were not recovered until the years 1818 and 1819. Those actions were commenced in the same years ; and the question is, whether these executions could be legally extended on the lands of the testator, which were by his will devised to the demandants. And this question, we think, is virtually settled in *Ex parte Allen*, 15 Mass. 58, and by several subsequent cases. In the former case, the court refused to grant the license prayed for by the petitioner, expressly on the ground that after four years from the time of granting administration and notice, the lien which the creditors had upon the estate of their deceased debtor was discharged ; and that if a suit should be commenced afterwards, " when judgment could not be obtained, but through the collusion or negligence of the executor or administrator, a levy upon the land then in the possession of the heirs, devisees or purchasers, could not be lawfully made ; but the remedy must be against the executor or administrator, as in case of an executor *de son tort.*" And so the law is laid down, substantially, in *Heath* v. *Wells*, 5 Pick. 143. In the latter case, the tenants set up a title under a sale by the administrator of a deceased debtor, in pursuance of a license for that purpose, to pay a debt barred by the statute of limitations respecting executors and administrators ; and it was held that the license and sale were void. And so we hold in the present case, that the levies of the two executions, under which the tenant claims, are void as to all the devisees, except the executors, who are bound by the judgment, as are also their heirs, who are estopped to deny the validity of said judgments and executions. The executors, having neglected to plead the statute of limitations, could not afterwards reverse those judgments on writs of error. But the other devisees, not being parties in those actions, may avoid the levies of the executions, by proof that they were not lawfully

made.   The judgments were not recovered for the proper debts of the testator ;  for the debts were barred by the statute of limitations, which was principally intended for the benefit and protection of heirs and devisees.   *St.* 1783, *c.* 32, § 7.

The demandants may have liberty to amend, by striking out the names of those who claim under the executors, and thereupon will be entitled to recover their shares of the premises demand-ed ;  the value of the tenant's improvements being first ascer tained, according to the agreement of the parties.